1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10    LINDSAY DROZ,

11                              Plaintiff,            CASE NO. 2:20-CV-48-RSM-DWC

12            v.                                      ORDER ON MOTION TO
                                                     RECONSIDER AND ON ATTORNEY
13    BOSTON SCIENTIFIC                               FEES
      CORPORATION,
14
                              Defendant.
15

16          The District Court referred this action to United States Magistrate Judge David W.

17    Christel. Dkt. 10. Presently before the Court is Defendant Boston Scientific Corporation's

18    Motion for Reconsideration and Plaintiff Lindsay Droz's Motion for Attorney Fees. Dkts. 37, 39.

19    After review of the relevant record, the Motion for Reconsideration (Dkt. 37) is denied and the

20    Motion for Attorney Fees (Dkt. 39) is granted-in-part.

21          **I.      Background**

22          Plaintiff filed a Motion to Compel on July 23, 2020. Dkt. 27. On September 1, 2020, the

23    Court granted Plaintiff's Motion to Compel. Dkt. 36. In the Order, the Court found Plaintiff was

24    entitled to reasonable expenses. *Id*. As Plaintiff did not provide an accounting of the expenses

1    incurred in filing the Motion to Compel, the Court directed Plaintiff to provide documentation of

2    the reasonable expenses incurred. *Id*. The Motion for Reconsideration and Motion for Attorney

3    Fees were filed in response to the Court's Order. *See* Dkts. 37, 39.

4    **II.    Motion for Reconsideration (Dkt. 37)**

5    On September 15, 2020, Defendant filed a Motion for Reconsideration seeking

6    reconsideration of the Court's decision to grant Plaintiff reasonable expenses incurred in filing

7    the Motion to Compel. Dkt. 37.[1] Defendant asserts the Court committed manifest error when it

8    failed to analyze whether Defendant's opposition to the discovery requests was "substantially

9    justified." *Id*. The Court directed Plaintiff to file a response and, on September 23, 2020, Plaintiff

10   filed her Response to the Motion for Reconsideration. Dkts. 38, 41. Plaintiff argues that the

11   Court did not error and, even if the Court did not use the words "substantially justified,"

12   Defendant's position was not substantially justified. Dkt. 41.

13   Pursuant to Local Civil Rule 7(h), motions for reconsideration are disfavored and will be

14   denied absent a showing of manifest error or a showing of new facts or legal authority which

15   could not have been presented earlier with reasonable diligence.

16   Defendant fails to show a manifest error in the Court's Order granting reasonable

17   expenses. In the Order, the Court articulated the exceptions for denying expenses and stated, in

18   relevant part, that Defendant "did not meet its burden to show why the discovery request should

19   be denied." *Id*. at p. 8. The Court found Defendant's refusal to produce discovery was not

20   substantially justified in light of Defendant's documentation showing Plaintiff was evaluated and

21   disciplined based on her performance as compared to all sales representatives locally and

22

23   _____

24   [1] Defendant does not seek reconsideration of the Court's decision ordering Defendant to produce the disputed discovery. *See* Dkt. 37.

1    nationally. *See* Dkt. 37, pp. 7-8. The Order reflects that Defendant did not show, nor did the

2    Court find, Defendant's position in its nondisclosure of the requested discovery was substantially

3    justified. Therefore, Defendant has not shown a manifest error in the Court's decision.

4          Defendant has also not shown new facts or legal authority exist which could not have

5    been presented earlier. Defendant argues for the first time that its position in refusing to produce

6    the requested discovery was substantially justified. Dkt. 37. Defendant has provided no

7    explanation for not raising these arguments earlier, despite Plaintiff requesting a fee award in the

8    Motion to Compel. *See* Dkts. 27, 31, 37. Further, Defendant does not cite to new facts or new

9    legal authority that could not have been presented earlier. *See* Dkt. 37. Thus, Plaintiff has not

10   shown reconsideration is warranted because new facts or legal authority exist.

11         For the above-stated reasons, Defendant has not shown a manifest error or new facts or

12   legal authority exist which could not have been presented earlier with reasonable diligence.

13   Accordingly, Defendant's Motion for Reconsideration (Dkt. 37) is denied.

14         **III.    Motion for Attorney Fees (Dkt. 39)**

15         The Court found Plaintiff was entitled to reasonable expenses incurred in bringing the

16   Motion to Compel. Dkt. 36. Plaintiff was directed to provide the Court with documentation

17   showing the specific amount of expenses reasonably expended on or before September 18, 2020.

18   *Id*. On September 18, 2020, Plaintiff filed the Motion for Attorney Fees. Dkt. 39. Defendant filed

19   a response to Plaintiff's Motion for Attorney Fees on September 25, 2020. Dkt. 42.

20         Plaintiff states she incurred attorney fees in the amount of $8,381.00 and costs in the

21   amount of $123.25 for a total award of $8,504.25. Dkts. 39, 40. Defendant asserts this is

22   unreasonable and the fee request should be denied in full because Defendant's position was

23   substantially justified. Dkt. 42.

24

ORDER ON MOTION TO RECONSIDER AND ON
ATTORNEY FEES - 3

A.  <u>Attorney Fees</u>

A review of Plaintiff's counsel's declaration shows Plaintiff's counsel expended 28.9 hours of work in filing the Motion to Compel. Dkt. 40, Trivett Dec. Defendant submits that, if the Motion for Reconsideration is denied, a reasonable amount of time expended on the Motion to Compel is 15 hours. Dkt. 42, p. 2 n.2. The Court should reduce the hours for which counsel seeks compensation if "documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [or] if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).

Having reviewed the facts of this case, the Court agrees with Defendant that the hours claimed are not reasonable. Expending 28.9 hours on a straightforward motion to compel and reply is excessive. Plaintiff's counsel spent 22.5 hours preparing and drafting the Motion to Compel. Dkt. 41, Trivett Dec. Judges in this district have found 8 to 12 hours is reasonable for drafting a motion to compel. *See Maclay v. M/V SAHARA*, 2012 WL 6552762, at *3 n.6 (finding 8.8 hours a reasonable amount of time for two attorneys to prepare a 13 page motion to compel); *Johnson v. King County Jails*, 2009 WL 981765, at *1 (W.D. Wash. Apr. 8, 2009) (awarding 12 hours of attorney time for a motion to compel). Thus, the Court finds 22.5 hours for preparing and drafting the Motion to Compel is excessive. The Court reduces the expended hours by 60 percent. Accordingly, the Court finds 9.0 hours is reasonable for drafting the Motion to Compel. *Nat'l Prod., Inc. v. Aqua Box Prod., LLC*,  2013 WL 12106900, at *4 (W.D. Wash. Mar. 15, 2013) (reducing hours spent on a motion to compel by 60 percent where the hours were excessive and redundant).

Plaintiff's counsel spent 6.4 hours reviewing Defendant's response and drafting a reply. *See* Dkt. 41, Trivett Dec. The Court finds this is reasonable. *Maclay*, 2012 WL 6552762 at *3,

n.7 (finding 7.4 hours to be reasonable to draft a seven-page reply to opposing party's response to a motion to compel); *Nat'l Prod., Inc.*, 2013 WL 12106900 at *4 (reducing hours spent on a reply in a motion to compel to 10.7 hours).

In sum, the Court finds 15.4 hours for filing the Motion to Compel (9 hours) and Reply (6.4 hours) is reasonable. Defendant does not assert, nor does the Court find, Plaintiff's hourly rate of $290 is unreasonable. Therefore, the total fee award for the Motion to Compel is $4,466.00 (15.4 hours multiplied by $290).

B. Costs

Plaintiff requests costs in the amount of $123.25 for copying and printing charges. Dkt. 40, Trivett Dec. While Defendant does not dispute the costs, it is unclear why Plaintiff's counsel was required to incur copy and printing charges. *Id.*; *see also* Dkts. 39, 42. As Plaintiff has not adequately explained the necessity for the costs, the Court finds the costs for incurring copy and printing charges is unreasonable. The Court reduces the costs by 50 percent. Therefore, the Court awards costs in the amount of $61.63.

C. Fees for Responding to Motion for Reconsideration

The Court declines to award additional fees for Plaintiff's counsel's drafting of a response to Defendant's Motion for Reconsideration.

D. Summation

The total calculation for Plaintiff's reasonable expenses is $4,527.63 ($4,466.00 in attorney fees + $61.63 in costs).

**IV.    Conclusion**

For the above stated reasons, Defendant's Motion for Reconsideration (Dkt. 37) is denied and Plaintiff's Motion for Attorney Fees (Dkt. 39) is granted-in-part. Defendant shall pay

1   attorney fees and costs in the amount of $4,527.63 in full within 30 days of the date of this

2   Order, otherwise additional sanctions may be imposed.

3        Dated this 5th day of October, 2020.

4

5                                 David W. Christel

6                                 United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON MOTION TO RECONSIDER AND ON
ATTORNEY FEES - 6