THE HONORABLE RICARDO S. MARTINEZ
THE HONORABLE DAVID W. CHRISTEL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDSAY DROZ, <br><br> Plaintiff, <br><br> v. <br><br> BOSTON SCIENTIFIC CORPORATION, <br><br> Defendant. | CASE NO. 2:20-CV-48-RSM-DWC <br><br> **ORDER GRANTING STIPULATION TO FILE MOTION TO EXCLUDE EXPERT TESTIMONY UNDER SEAL** |

This matter is before the Court on the Parties' Stipulated Motion to File Motion to Exclude Expert Testimony Under Seal. Dkt. 44. The parties seek to protect Plaintiff Lindsay Droz's privacy interests and sensitive medical information. *Id.*

There is a strong presumption in favor of public access to the Court's files. Local Rule LCR 5(g). Documents may be sealed only when compelling reasons for doing so outweigh the public's right of access to Court records. *EEOC v. Erection Co.*, 900 F. 2d 168, 170 (9th Cir. 1990); *Kamakana v. City and County of Honolulu*, 447 F. 3d 1172, 1178 (9th Cir. 2006). A motion to seal, even if stipulated, must include both a certification that the parties have conferred in good faith to reach agreement on the need to file under seal, and a "[s]pecific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary

ORDER GRANTING STIPULATION TO FILE
MOTION TO EXCLUDE EXPERT TESTIMONY UNDER SEAL - 1

support from declarations when necessary." Local Rule LCR 5(g)(3)(A), (B). While the Motion is stipulated and does include a specific statement of the applicable legal standard and reasons for sealing, it does not include the required certification.

The "need to protect medical privacy qualifies in general as a 'compelling reason'" to protect medical records and to file them under seal. *Karpenski v. Am. Gen. Life Companies, LLC*, No. 2:12-cv-01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013) (quoting LCR 5(g) and *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). In *Karpenski*, Chief Judge Ricardo Martinez recognized that even if a plaintiff has put her health at issue in a lawsuit, she nonetheless remains entitled to the court's protection of sensitive medical information. *Id.; see also Macon v. United Parcel Serv., Inc.*, No. C12-260 RAJ, 2013 WL 951013, at *5 (W.D. Wash. Mar. 12, 2013) (granting unopposed motion to seal medical records even where plaintiff failed to comply with LCR 5(g) given the "private nature of the documents at issue").

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Parties' Stipulated Motion to File Motion to Exclude Expert Testimony Under Seal (Dkt. 44) is **GRANTED**. The Motion to Exclude Expert Testimony (Dkt. 45) and Declaration of Charles F. Knapp In Support of Defendant's Motion to Exclude Expert Testimony (Dkt. 46) shall remain under seal.

Dated this 14th day of December, 2020.

The Honorable David W. Christel
Magistrate Judge of U.S. District Court

ORDER GRANTING STIPULATION TO FILE
MOTION TO EXCLUDE EXPERT TESTIMONY UNDER SEAL - 2