UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDSAY DROZ, | CASE NO. C20-48 RSM |
| Plaintiff, | ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| BOSTON SCIENTIFIC CORPORATION, | |
| Defendant. | |

This employment discrimination matter is before the Court on a Report and Recommendation ("R&R") issued by the Honorable David W. Christel, United States Magistrate Judge. Dkt. #66. Judge Christel recommends that the Court grant Defendant's motion for summary judgment and dismiss this action. *Id.* Plaintiff, objecting to the R&R on several bases, asks that the Court not adopt the R&R. Dkt. #67. Defendant responds in support of the Court adopting the R&R. Dkt. #70. Having considered the issues, the Court overrules Plaintiff's objections, adopts the R&R, and dismisses the action.

On objections to a R&R addressing dispositive motions, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings

ORDER – 1

or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court addresses Plaintiff's objections in turn.

Plaintiff first objects that "[t]he [R&R] applies the wrong causation standard" and argues that she established a prima facie case of gender discrimination by presenting direct evidence of discriminatory animus that played a substantial part in Defendant's employment decisions. Dkt. #67 at 1–2 (citing *Alonso v. Qwest Commc'ns Co., LLC*, 178 Wash. App. 734, 743–44, 315 P.3d 610, 615 (2013)). In support, Plaintiff points to a single comment made in 2015 by her manager's boss—a time the R&R notes is outside of the applicable statute of limitations[1]—that was unrelated to the employments decisions upon which Plaintiff bases her discrimination claims. *Id.* at 4. As Defendant points out, Plaintiff fails to provide any legal authority indicating that a prior statement can establish discriminatory animus for later, unrelated employment decisions. Dkt. #70 at 4–5.[2] The Court agrees that Plaintiff did not present direct evidence of discrimination related to her actionable claims of discrimination. And even if the 2015 comment was direct evidence of discriminatory animus, Plaintiff does not establish that discriminatory animus played a substantial role in Defendant's later employment decisions. The objection is overruled.

Second, Plaintiff objects that "[t]he [R&R] ignores clear law regarding what constitutes an adverse employment action." Dkt. #67 at 5. But the Court's de novo review establishes that the R&R correctly delineated actionable adverse actions. Dkt. #66 at 12–13. In arguing otherwise, Plaintiff relies on authority considering adverse employment actions in the context of retaliation claims where the law looks to actions "reasonably likely to deter employees from

---

[1] Dkt. #66 at 12.

[2] Defendant also point out, as it did in its reply brief in support of its motion for summary judgment, that "stray remarks not directly tied to [a] decision-making process are not direct evidence capable of defeating summary judgment." Dkt. #70 at 4 (quoting *France v. Johnson*, 795 F.3d 1170, 1173 (9th Cir. 2015)).

ORDER – 2

1  engaging in protected activity." Dkt. #67 at 5 (quoting *Ray v. Henderson*, 217 F.3d 1234, 1243

2  (9th Cir. 2000)) (quotation marks omitted); Dkt. #70 at 5–6 (Defendant noting distinction in

3  context of discrimination and retaliation claims and citing *Knight v. Brown*, 797 F. Supp. 2d 1107

4  (W.D. Wash. 2011)). Plaintiff's objection seeks to impermissibly expand what may constitute

5  an adverse employment action for the purposes of her gender discrimination claims.

6  Third, Plaintiff objects that "[t]he [R&R] ignores disputed questions of material fact as

7  to when [Plaintiff] was actually rated 'needs improvement'" on a performance review. Dkt. #67

8  at 6. But Plaintiff does not establish how these alleged errors would have altered the R&R's

9  conclusions. As to the "needs improvement" rating, Plaintiff argues, in effect, that the rating

10  demonstrates pretext, failing to appreciate that the R&R found she had failed to establish a prima

11  facie case of gender discrimination.[3] Put simply, to the extent the issues of fact are disputed,

12  they are not material.

13  Fourth, Plaintiff objects that "[t]he [R&R] erroneously conflates 'needs improvement'

14  ratings with more severe corrective actions" for purpose of similarly situated comparators. *Id.* at

15  8. Plaintiff argues that she presented evidence that similarly situated male employees were not

16  placed on corrective action plans while she was. But even accepting Plaintiff's argument, it

17  leaves untouched the R&R's conclusion that Plaintiff's verbal and written corrective action plans

18  were not adverse employment actions,[4] as they merely delineated Plaintiff's job expectations.

19  Dkt. #66 at 14 ("In other words, the plans basically describe the job [Plaintiff] should have been

20  doing since the Rhythmia mapping system was introduced in 2015."). In fact, the R&R

---

[3] To the extent Plaintiff argues the point as regards her retaliation claims, the Court considers the argument below.

[4] Plaintiff was removed from her verbal correction plan when she met its expectations and was not terminated on the basis of her written correction plan. Dkt. #66 at 8–10. Rather, Plaintiff resigned. *Id.* at 10.

ORDER – 3

concluded that "the corrective action plans were designed to prevent [Plaintiff's termination] from happening by assisting her in making positive changes." *Id.* at 15.  Because the corrective action plans were not adverse employment actions, Plaintiff's argument that similarly situated male employees were not placed on corrective action plans does not help her in establishing a prima facie case of gender discrimination.[5]

Fifth, Plaintiff objects that "[t]he [R&R] improperly relies on an arbitrary 3-month deadline in which retaliatory actions must occur." Dkt. #67 at 9.  Plaintiff's objection is to the R&R's conclusion that a lapse of more than four months, between Plaintiff's protected conduct and the alleged adverse employment action, "precludes finding a causal connection and is fatal to her claim." Dkt. #66 at 21 (citing *Moorehead v. Chertoff*, Case No. 07-cv-1205-RAJ, 2008 WL 4810308, at *4 (W.D. Wash. Nov. 3, 2008)).  While this is Plaintiff's strongest objection, the Court's de novo review finds no error and concludes that summary judgment is appropriate.

First, and as Defendant notes, Plaintiff does not establish that she suffered an adverse employment action in retaliation to her protected activity.  Dkt. #70 at 9; Dkt. #66 at 21.  As to Plaintiff's "needs improvement" rating, she does not point to any evidence that the rating had any adverse impact on her that would deter a reasonable employee from pursuing protected activity.  Even further, Defendant points out that the "needs improvement" rating rested on objective data, calling into question any causal connection indicative of discrimination.  As to the verbal corrective action, the record demonstrates that Plaintiff satisfied the expectations of the plan and was removed from corrective action at that time.  Dkt. #66 at 8–9.  The Court struggles to see how Plaintiff can rest a claim of retaliation on an employment decision which

---

[5] Even assuming that the R&R erred in finding that Plaintiff could not establish a prima facie case of gender discrimination, Plaintiff does not object that the R&R failed to find that Defendant's proffered business reasons were pretextual.

ORDER – 4

1 ultimately had no adverse impact on her.  Even if Plaintiff's retaliation claim could be premised
2 on the verbal corrective action, Plaintiff fails to establish causation on the basis of temporal
3 proximity, as discussed below.

4 Second, and as Defendant again notes, Plaintiff did not sufficiently argue that causation could be inferred from proximity in her briefing before Judge Christel, waiving her current objection.  Defendant's motion specifically argued that "[Plaintiff] cannot establish a causal connection between protected conduct and adverse action because there is no temporal proximity."  Dkt. #47 at 18.  Plaintiff's response merely noted that causation "may be inferred from 'proximity in time between the protected action and the allegedly retaliatory employment decision.'"  Dkt. #53 at 22 (quoting *Ray v. Henderson*, 217 F.3d 1234, 1244 (9th Cir. 2000)).  But Plaintiff did not argue, other than in a conclusory manner, that the temporal proximity between the actions in this case could support a conclusion that they had a causal relationship.

Perhaps more importantly, while temporal proximity alone can raise an inference of retaliation sufficient to support a prima facie case of retaliation, Plaintiff says nothing of her burden to rebut Defendant's legitimate business decisions and establish that they were merely pretext for intentional retaliation.  *McDaniels v. Mobil Oil Corp.*, 527 F. App'x 615, 617–18 (9th Cir. 2013) ("Although intermediate evidentiary burdens shift back and forth under [the *McDonnell Douglas*] framework, [t]he ultimate burden of persuading the trier of fact that the defendant intentionally [retaliated] against the plaintiff remains at all times with the plaintiff.") (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)) (alterations in original).  Defendant could have placed Plaintiff on a corrective action plan at any time after her protected activity.  Plaintiff does not rebut, in any manner, Defendant's proof that the corrective action plan was in fact temporally proximate to Plaintiff's sales performance in the first two quarters of 2018.  *See* Dkt. #66 at 8.  Under the facts of this case, temporal proximity alone cannot

ORDER – 5

establish causation, raise an inference of retaliation, or rebut Defendant's legitimate business reasons for its employment decisions.

Having considered the R&R, Plaintiff's objections thereto, Defendant's response, and the remainder of the record, the Court finds and ORDERS:

1. The Court ADOPTS the Report and Recommendation (Dkt. #66).
2. Defendant's Motion for Summary Judgment (Dkt. #47) is GRANTED.
3. Plaintiff's claims are DISMISSED with prejudice.
4. This matter is CLOSED.
5. The Clerk shall send copies of this Order to the parties and Judge Christel.

DATED this 5th day of August, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6